**HARRIS COUNTY FRESH WATER SUP-PLY DISTRICT NO. 55, Relator,**

v.

**Waggoner CARR, Attorney General of Texas, Respondent.**

No. A–9735.

Supreme Court of Texas.

Nov. 20, 1963.

Vinson, Elkins, Weems & Searls, William E. Stapp, Houston, for petitioner.

Howard Mays, James Strock, Asst. Attys. Gen., Austin, for respondent.

STEAKLEY, Justice.

Relator is Harris County Fresh Water Supply District No. 55. It seeks a writ of mandamus to require Respondent to approve its bond issue. The Attorney General refused to approve the bonds on the ground that Relator was created in 1963 in violation of Article 7880–1a which, he says, forbids the creation of a Fresh Water Supply District. The full text of Article 7880–1a [1] follows:

"An Act providing that Water Control and Improvement Districts and underground water conservation districts may be created only according to the provisions of Section 59 of Article 16 of the Constitution; providing exemptions; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. After the effective date of this Act no water district shall be created to effectuate the purposes expressed in Section 59 of Article 16 and Section 52(a) and 52(b) of Article 3 of the Constitution of Texas except such districts may be created by the provisions of Article 7880–1 et seq., Revised Civil Statutes of Texas. The provisions of this Act shall not be applicable to districts created pursuant to the provisions of the State Soil Conservation Law, codified as Article 165a–4, Vernon's Texas Civil Statutes. The passage of this Act shall in no way affect any water district heretofore lawfully created, nor shall this Act affect the authority of the Legislature to create special districts pursuant to the provisions of Section 59 of Article 16 of the Constitution of Texas.

1. H.B. 376, Ch. 457, p. 1034, Acts 1961, 57th Leg., R.S.

"Sec. 2. The fact that existing laws permit the creation of such a wide variety of water districts; the fact that such condition leads to confusion and overlapping of powers in the vital field of water resources conservation and development; and the importance of this legislation to the people of Texas create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read in each House on three several days be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Relator says the statute is unconstitutional because its title does not meet the requirements of Section 35 of Article III of the Texas Constitution, Vernon's Ann. St., which states that "No bill * * * shall contain more than one subject, which shall be expressed in its title." We have concluded that the title is insufficient and that Relator is entitled to the writ for which it applies.

The title on its face indicates that the Act applies to Water Control and Improvement Districts and to Underground Water Conservation Districts, the creation of which is to be in accordance with Section 59 of Article XVI of the Constitution. The purported effect of the statute, on the other hand, is that no water district may be created other than those for which provision is made in Article 7880–1 et seq.; Article 7880–1 is applicable to Water Control and Water Improvement Districts, and Article 7880–3c is applicable to Underground Water Conservation Districts.

The deceptive feature of the title is thus apparent. A reader is misled into believing that the bill will have no application to any type of water district except the two which are specified in the title, and that the

purpose of the Act is to establish restrictions with respect to these two types of districts. But the intended effect of the Act is to prohibit the creation of any type of water district other than the two mentioned. This prohibition would appear to include Relator which was organized pursuant to Article 7881 et seq., and other types of water districts noted in the footnote.[2]

This Court in Adams v. San Angelo Water Works Company, 86 Tex. 485, 25 S.W. 605, considered a title which read, "An act to amend an act to regulate the condemnation of property * * * for water mains * * *." The Act was held unconstitutional in so far as it authorized the condemnation of land for reservoirs for water works. The Court recognized that the relation of "water mains" to "reservoirs" in ordinary use may evince the intention of the Legislature to make the law applicable to both. "But," said the Court, "it is not with a question of intention we have to deal. The inquiry is not what the legislature intended to embrace in the title, but what, by the terms employed, it did, in fact, embrace."

In Ward Cattle and Pasture Company v. Carpenter, 109 Tex. 103, 200 S.W. 521, this Court considered a title which indicated that certain counties were being included in the benefits of the stock law when, in fact, one county—Matagorda—was dropped from the list of counties that might avail themselves of the law. It was held that the Act violated the Constitution to the extent of its attempt to exclude Matagorda County. Particular emphasis was given to the fact that the title was misleading and carried "a distinct assurance that the object of the Act was a limited one, and that its scope was to amend the article in that way and no other."

The majority of this Court in Gulf Insurance Company v. James, 143 Tex. 424, 185 S.W.2d 966, was persuaded that the

2. Water Improvement Districts, Article 7622 et seq.; Water Supply Districts, Article 7807f et seq.; Water Control and Preservation Districts, Article 7808 et seq.; Drainage Districts, Article 8097 et seq.; and Conservation Reclamation Districts, Article 8194 et seq.; Navigation Districts, Article 8198 et seq.

title there under review was insufficient because the language was misleading and did not properly advise the Legislature and the public of the subject of the Act. The established rule that a liberal construction will be indulged to uphold the title of an Act of the Legislature was fully recognized by the majority. But it was held that this rule will not save a title that is deceptive or misleading, or relieve the Legislature of the necessity of disclosing in the title the real subject of the Act.

While recognizing the deficiencies in the title, the Attorney General argues that it can be made sufficient, and the statute upheld, by transposing the word "only" so that the title would read "An Act providing that *only* Water Control and Improvement Districts and Underground Water Conservation Districts may be created according to Section 59 of Article 16." Also, argues the Attorney General, the word "only" is so habitually misused that its use in a title is itself suspect and puts the reader on notice that it may be wrongly positioned.

■■ The function of the title requirement in legislative bills is to give notice during the legislative process. The title must not only express a subject, but must fairly express, and point to, that which is dealt with in the body of the Act. Its sufficiency is determined by what the title says and not by what it was intended to say. It must give fair notice within itself and a reading must reasonably forewarn of the subject of the statute. The constitutional requirement that the subject of a bill shall be expressed in its title would be rendered meaningless if titles can be later upheld by means of word transpositions requiring a study of the body of the Act to ascertain what words are to be transposed, and where. The title requirement was designed to assure readers of the title during the legislative process that they would not be required to study the body of the Act to avoid being misled or deceived.

It is agreed by the parties that Relator has been organized, and its bond issue of $750,000.00 has been authorized, in accordance with applicable constitutional and statutory requirements.

We assume that Respondent will act in accordance with this opinion, and that issuance of writ of mandamus will be unnecessary.