Charles Ray **WHALEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46152.

Court of Criminal Appeals of Texas.

June 13, 1973.

Edward Mallett, and Lawrence W. Sauer, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Ross, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This appeal is taken from a conviction for inciting a riot. Punishment was assessed at a $1000 fine.

Appellant contends the statute under which he was prosecuted is unconstitutional in violation of Article III, Section 35, of the Texas Constitution, Vernon's Ann.St., providing:

"No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Briefly appellant's argument is as follows: The statute, Article 466a, Vernon's Ann.P.C., was enacted in 1967 in the regular session of the 60th Legislature under the following title:

"An Act relating to incitement to riot; providing for injunctive relief and procedure therefor; providing a penalty; and declaring an emergency."

The body of the Act,[1] however, neither defines nor again refers to incitement to riot, or the separate acts of riot or incitement and it is contended that the Act embraces such a broad range of possibly unlawful conduct that it cannot reasonably be considered within the scope of statutory "riot," which requires an unlawful assemblage of at least three persons. The title, appellant urges, thus failed to describe the subject of the bill and for that reason it is unconstitutional.

A Federal Court has determined the validity of Article 466a, V.A.P.C., in another constitutional context in Locke v. Vance, 307 F.Supp. 439 (S.D.Tex.1969).[2] Confining our attention strictly to the state constitutional challenge raised under Article III, Section 35, we examine appellant's contention that the statute is unconstitutional.

This Court noted in White v. State, 440 S.W.2d 660, that the reason for this constitutional requirement is to give notice of the contents of a bill.

"The purpose of the constitutional requirement is to give notice through the title of the bill, not only to members of the legislature, but to the citizens at large, of the subject-matter of the projected law; and thereby to prevent the surreptitious passage of a law upon one subject under the guise of a title which expresses another." Adams & Wickes v. San Angelo Water Works Co., 86 Tex. 485, 487, 25 S.W. 605, 606.

When the validity of legislation is challenged under this constitutional provision, the courts give a liberal construction to the title of the act and attempt to uphold its validity "to avoid serious embarrassment of legislation," Mercer v. State, 111 Tex.Cr.R. 657, 13 S.W.2d 689, 691; however,

"the rule of liberal construction will not be followed to the extent that it will relieve the legislature of the necessity of

1. Article 466a, V.A.P.C., provides:
 "Section 1. Every person who, at a time and place and under circumstances reasonably calculated to produce a clear and present and immediate threat or danger to the physical well-being, property or life of another, knowingly and willfully commits an act, or urges another to commit an act, so calculated and tending to produce injury or damage to the property, person or life of another person, shall be guilty of a misdemeanor punishable by a fine of not more than

$2,000, or a jail sentence of not more than two (2) years, or by both such fine and jail sentence."
 Section 2 provides for injunctive relief against those who threaten to violate this act and Section 3 contains an emergency enactment clause.

2. In Locke v. Vance, supra, a three judge Federal District Court held that Article 466a, V.A.P.C., was neither vague nor overbroad so as to infringe upon First Amendment rights.

disclosing the real subject of the Act in the title thereof, nor will it be extended so as to hold Acts valid, the titles of which are deceptive or misleading as to the real contents of the Acts." Gulf Insurance Co. v. James, 143 Tex. 424, 431, 185 S.W.2d 966, 970 (1945).

In making this analysis, we look not to what the legislature intended to include in the Act, but what by its terms the Act embraced. Fletcher v. State, Tex., 439 S.W.2d 656; Harris County Fresh Water Supply District No. 55 v. Carr, Tex., 372 S.W.2d 523; Adams & Wickes v. San Angelo Water Works Co., supra.

The subject expressed in the title of this legislation is, "An Act relating to incitement to riot."

Appellant contends that the language of the Act embraces such a wide range of conduct outside the realm of "riot" as to violate the mandate of Article III, Section 35, that a bill embrace but one subject which shall be expressed in its title.

Clearly there must be a degree of flexibility in this requirement. When provisions in a statute fall within the main object or purpose stated in its title, then it will be said to comply with the Constitution. Mercer v. State, supra. The Supreme Court of Texas has said:

"So long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably connected, germane, incidental, or relevant to the main subject." Lee v. State, 163 Tex. 89, 91, 352 S.W.2d 724, 725.

In the instant case, appellant urges that offenses of an entirely different nature are comprehended by the Act from that announced in the title. The body of the Act in no way refers to the riot statute or the mandatory conditions of "riot." Moreover, the terms of Section 1 of Article 466a make the instant offense possible when there is "clear and present and immediate threat or danger . . ." and it gives no specification as to the nature of the assembly of persons so endangered. Thus, offenses apparently can occur under Art. 466a when people including the offender are lawfully assembled, conceivably at any kind of public or private gathering. This is in contrast to a statutory "riot," which is restricted to situations where persons are "unlawfully assembled together." Art. 455, V.A.P.C.[3] An unlawful assembly is a necessary element of the offense of "riot," Henry v. State, 141 Tex.Cr.R. 486, 149 S.W.2d 115, and Articles 453,[4] and 454[5] specifically remove from "riot" any group of persons who are lawfully assembled. See Ex parte Jacobson, 55 Tex.Cr.R. 237, 115 S.W. 1193; Blackwell v. State, 30 Tex.App. 672, 18 S.W. 676.

Another area of contrast between the instant statute and statutory "riot" lies in the number of persons required to consummate the offense. Statutory "riot" can occur only when three or more persons are present. Art. 439, V.A.P.C.[6] See Art. 471, V.A.P.C.[7]

3. Art. 455, V.A.P.C.: "If the persons unlawfully assembled together do or attempt to do any illegal act, all those engaged in such illegal act are guilty of riot."

4. Art. 453, V.A.P.C.: "No public meeting for the purpose of exercising any political, religious or other lawful rights or for the purpose of lawful amusement or recreation is within the meaning of this chapter."

5. Art. 454, V.A.P.C.: "Where the persons engaged in an unlawful assembly met at first for a lawful purpose and afterward agreed upon an unlawful purpose, they are equally guilty of the offense defined in Art. 439."

6. Art. 439, V.A.P.C.: "An 'unlawful assembly' is the meeting of three or more persons with the intent to aid each other by violence or in any other manner either to commit an offense or illegally to deprive any person of any right or to disturb him in the enjoyment thereof."

7. Art. 471, V.A.P.C.: "The indictment must state the illegal act which was the

Thus, the instant statute cannot be construed so that it will harmonize with the unlawful assembly statutes as urged by the State. See 53 Tex.Jur.2d Statute § 185.

While the title of this Act announces that the conduct proscribed relates to "incitement to riot," the Act never mentions incitment or riot, creating offenses that need in no way relate to riots. It makes possible offenses which cannot legally constitute "riot." Under the Act, it is possible for an offense to occur when an individual commits an act which may endanger the person, life or property of another. Such an offense could occur without regard to the presence of others.

In White v. State, Tex.Cr.App., 440 S. W.2d 660, the title of the offending bill announced its purpose as inclusion of hallucinogens in the Dangerous Drug Act. The amendatory bill was held unconstitutional because the body, while including hallucinogens as announced, went further and substantially changed the penalties for numerous violations under the Act. See Doucette v. State, 166 Tex.Cr.R. 596, 317 S. W.2d 200.

The Supreme Court of Texas, in Fletcher v. State, 439 S.W.2d 656, held invalid an act pertaining to licensing of polygraph examiners. The title referred only to the licensing of polygraph examiners, and it was deemed inadequate to give notice that the act also regulated operators of all devices used to test or question individuals for the purpose of verifying the truth of their statements. See Harris County Fresh Water Supply Dist. No. 55 v. Carr, supra; Gulf Ins. Co. v. James, supra.

In Foster v. State, 400 S.W.2d 552, this Court invalidated an act whose title purported to make certain juveniles subject to the penal laws. The bill was faulty in that it gave

object of the meeting, or which they proceeded to do if the assembly was originally lawful, and must state and it must be proven on the trial, that three

"no notice that the act would provide that male defendants over 17 and females over 18 years of age would no longer be subject to but would be exempt from such penal laws and criminal prosecution if they were under 16 years of age at the time they committed the crime." 400 S.W.2d 557.

Likewise in Feagin v. State, 166 Tex. Cr.R. 3, 310 S.W.2d 99, this Court found the same constitutional flaw. The amendatory bill contained provisions making mandatory the imposition of sentences in misdemeanor prosecutions.

"Inasmuch as the caption, or title, to the amendment of 1957 made no reference to or gave no notice of any intent, by the proposed legislation, to thereby make mandatory the passage of sentence in misdemeanors, such construction is expressly prohibited because no notice thereof was expressed or contained in the caption." 310 S.W.2d at 100. See Ex parte Hayden, 152 Tex.Cr.R. 517, 215 S.W.2d 620.

The defect in the bill now before us is the same. The bill makes conduct unlawful and in no way announces it in the title, "incitement to riot." A reader is erroneously led to believe that the bill applies only to acts perpetrated in a riot. There is no notice that it embraces a far wider range of circumstances that have no relationship to riots.

We cannot accept the State's argument that the instant statute falls within the rule where a statute embraces two or more subjects, one of which is properly expressed in the title, the Act is void only as to so much thereof as is not so expressed, if the extraneous provisions relating to matters not within the title are separated. 53 Tex.Jur.2d Statutes § 46.

or more persons were assembled, and their names must be given if known; if unknown, it must be so alleged."

 We have given the language used in the title of the Act a liberal construction in an attempt to uphold the validity of the statute, but we are unable to find that the title of the Act is sufficient to advise the legislature and the public as to the actual subject of the Act. Thus, we find Article 466a, V.A.P.C., is violative of Article III, Section 35, of the Texas Constitution.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.