**Michael David PRESLEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–614CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 20, 1983.

Discretionary Review Refused
Sept. 14, 1983.

Stanley Kirk, Michael J. Hinton, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before JUNELL, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for possession of a controlled substance, wherein the Appellant, charged by indictment with possession of less than 28 grams of cocaine, waived a jury trial and entered a plea of guilty. The court, after conducting a pre-sentencing investigation, found Appellant guilty and imposed a sentence of confinement for ten years in the Texas Department of Corrections. We affirm.

In his brief, Appellant's appointed counsel states that he has read and evaluated the entire Transcript and Statement of Facts, and has concluded that there is only one error which would justify a reversal of the judgment of the trial court: the unconstitutionality of the Controlled Substances Act, as amended. Counsel further addresses the questions of: 1) the court's denial of

Appellant's Motion to Withdraw a guilty plea after adjudication of guilt; and 2) the court's denial of Appellant's Motion to Suppress the search and seizure, but concludes that the trial court did not err in the disposition of either motion. Accordingly, we shall address only the issue of the constitutionality of the statute.

In his sole ground of error, Appellant alleges that his indictment and conviction was based upon unconstitutional statutes. Specifically, Appellant argues that Tex.Rev.Civ.Stat.Ann. art. 4476–15, is unconstitutional because the caption to the enabling legislation, House Bill 730, fails to meet constitutional requirements concerning the drafting of legislation. We disagree. The caption in question reads: "An act relating to offenses and criminal penalties under the Texas Controlled Substances Act." Appellant asserts that this language fails to meet the requirements of Tex. Const. art. III, § 35, which reads:

§ 35. Subjects and titles of bills

Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The Court of Criminal Appeals, in *White v. State,* 440 S.W.2d 660 (Tex.Cr.App.1969), articulated well-settled rules with regard to the purposes behind the construction of legislative bill captions:

The reason underlying this constitutional requirement is to advise the Legislature and the people of the nature of each particular bill so as to prevent the insertion of obnoxious clauses which might otherwise be engrafted on it and become law. Fraud and deception are rendered less likely if the caption or title of an act, which is often the only part of the bill read by busy members of the Legislature, fully apprises the members of the con-

tents of the bill itself. (Citations omitted).

And it has been said that "[i]n so far as it deals with captions of bills, as distinguished from the matter of multiple subjects thereof, its object is to facilitate and protect the legislative process by affording legislators and other interested people a ready and reasonably accurate means of knowledge of the contents of bills without their having to read the full text." (Citations omitted).

Since that is the function of the title requirement in legislative bills, the sufficiency of the title is determined by what the title says and not by what it was intended to say. "It must give fair notice within itself and a reading must reasonably forewarn of the subject of the statute." (Citations omitted).

The Courts of the state have been called upon on numerous occasions to interpret Article III, Section 35, Texas Constitution. It has been consistently held that in determining its application, the caption or title of the act should be liberally construed so as to uphold its validity rather than giving the act a strict construction which would lead to striking down the act or a part thereof. (Citations omitted).

In light of the fact that H.B. 730 is an amendment to the Controlled Substances Act, a somewhat stricter rule of conformity of title to the subject matter legislated on in the body of the Act is applied, than to the title of an original Act.

It is well established that when the title of an original act embraces matters covered by an amendment, the title or caption of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment, but new substantive matter in the amendment, not germane to the provision amended, is invalid as legislation on matters not expressed in the title of the amendatory act. (Citations omitted).

Similarly, as long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably connected, germane, in-

cidental, or relevant to the main subject. *Whaley v. State,* 496 S.W.2d 109 (Tex.Cr. App.1973); *Lee v. State,* 163 Tex. 89, 352 S.W.2d 724 (1962). Thus, the critical questions which we must address are whether the caption to H.B. 730 satisfies the constitutional requirement of adequate notice to the caption-reader, and whether there is new substantive matter in the amendment which is not germane to the Controlled Substances Act, as originally passed.

■ With these rules in mind, it is clear that any interested person who read the caption to H.B. 730 would be prompted to read the body of the bill if he were interested in any provisions relating to any offenses or criminal penalties under the Texas Controlled Substances Act. The subject of the bill, "offenses and criminal penalties under the Texas Controlled Substances Act", is briefly, clearly, and unambiguously set out in its caption. Even though this caption is a very general and broad one, Tex. Const. art. III, § 35, does not require a long caption. *Atwood v. Willacy County Navigation District,* 284 S.W.2d 275 (Tex.Civ.App. —San Antonio 1955, writ ref'd n.r.e.). As a result, this caption is clearly sufficient to put a caption reader on notice that almost anything related to offenses and penalties under the Texas Controlled Substances Act could be contained therein.

H.B. 730 amends Subchapter 4 of the Texas Controlled Substances Act to provide new offenses and new penalties within the act. These amendatory matters are reasonably connected and germane to the main subject of the act, and this amendment contains no new substantive matter to be included in the act.

The validity of the caption in H.B. 730 has been the subject of several recent opinions: *Crisp v. State,* 643 S.W.2d 487 (Tex. App.—Austin 1982, pet. granted); *Bass v. State,* No. 09–82–0091–CR (Tex.App.— Beaumont, Nov. 3, 1982, pet. granted) (not yet reported); *Ragan v. State,* 649 S.W.2d 662 (Tex.App.—Waco 1983); and *Benavides v. State,* 652 S.W.2d 464 (Tex. App.—Houston [1st Dist.], 1983). Though the Austin court, in *Crisp,* held the

caption of H.B. 730 to be vague, general, and insufficient to meet constitutional requirements, the Beaumont, Waco, and Houston (1st District) courts reached opposite conclusions and upheld the constitutionality of the act. We agree with holdings in *Bass, Ragan,* and *Benavides,* because we believe that the caption to H.B. 730 satisfies the constitutional requirement of adequate notice, and that there are no new substantive matters in the amendment which are not germane to the Controlled Substances Act, as originally passed. Accordingly, appellant's ground of error is overruled.

The judgment of the trial court is affirmed.