Douglas Glenn STEELEY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–828CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Rehearing Denied Aug. 18, 1983.

Phoebe Lester, Bob Tarrant, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appeal is taken from a judgment of conviction for the felony offense of possession of a controlled substance, namely, methamphetamine, weighing less than twenty-eight grams by aggregate weight.

The appellant, Douglas Glenn Steeley, was found guilty by a jury. The indictment included one enhancement of a prior felony conviction, to which appellant pled true, and the jury assessed his punishment at ten years imprisonment.

The appellant contends (1) that the evidence is insufficient to prove beyond a reasonable doubt that the substance possessed was methamphetamine, as alleged in the indictment; (2) that the evidence is insufficient to prove beyond a reasonable doubt that appellant knowingly or intentionally possessed methamphetamine; (3) that the statute by which he was convicted, House Bill No. 730, which amended the Controlled Substance Act, fails to meet the requirements of Article III, § 35 of the Texas Constitution; and (4) that the trial court's charge indirectly amended the indictment by authorizing the jury to convict upon a theory of culpability not charged in the indictment. After examining each of appellant's contentions, we conclude that the judgment should be affirmed.

In his first ground of error, appellant challenges the sufficiency of the evidence, based on the State's failure to prove beyond a reasonable doubt that the substance possessed was methamphetamine, as alleged in the indictment. The indictment charges the appellant with possession of a controlled substance, "namely methamphetamine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants." It is appellant's contention that since the evidence and proof presented by the State showed that the powder was methamphetamine hydrochloride and not methamphetamine, the evidence was insufficient to support a conviction for possession of methamphetamine.

The record reflects that on September 29, 1981, Officer G.L. Dalton and several other Pasadena, Texas police officers executed a search warrant and searched appellant's residence and, as the result of this search, recovered two plastic bags containing a powdered substance. The two plastic bags and the powdered substance were introduced into evidence as State's Exhibits No. 5 and No. 6. Dennis Ramsey, a chemist and toxicologist for the Department of Public Safety, testified that he received State's Exhibits Nos. 5 and 6, and that he conducted a chemical analysis of them. He found that the powder in the two bags was methamphetamine which was thirty-four per cent pure and weighed 1.70 grams. On cross-examination, the chemist stated that methamphetamine in its pure form is a non-stable liquid which must be combined with some kind of a stabilizing agent to convert it to a powder. The chemist further testified that, when he conducted the chemical analysis on a sample of the evidence, he did not specifically identify the stabilizing agent, and did not know if it was hydrochloride. We find the evidence sufficient to show that the substance possessed by the appellant was methamphetamine as alleged in the indictment. We overrule appellant's first ground of error.

In his second ground of error, appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that he knowingly or intentionally possessed methamphetamine. The appellant argues that, because there was no direct evidence establishing the fact of possession of methamphetamine by him, the State failed to prove that he exercised care, control or management over the contraband and that he knew the substance was a narcotic. We disagree.

In order to justify a conviction for possession of a narcotic drug, the State must prove two elements: (1) that the defendant exercised care, control or management over the contraband and (2) that he knew that the substance he possessed was a narcotic. *Powell v. State,* 502 S.W.2d 705 (Tex.Cr.App.1973); *Floyd v. State,* 494 S.W.2d 828 (Tex.Cr.App.1973). Possession, however, need not be exclusive. Facts and circumstances may be sufficient to show that the accused and others acted together in possessing a narcotic. *Mitchell v. State,* 517 S.W.2d 282 (Tex.Cr.App.1974); *Adair v. State,* 482 S.W.2d 247 (Tex.Cr.App.1972). However, proof of mere presence at a place where narcotics are possessed by others does not in itself justify a finding of joint

possession. *Reid v. State,* 474 S.W.2d 702 (Tex.Cr.App.1972).

Viewed in the light most favorable to the verdict, the record reflects the following:

■ G.L. Dalton, a Pasadena, Texas police officer, testified that on September 29, 1981, around 1:45 a.m., he and several other officers executed a search warrant at appellant's residence. When he went to the door, Officer Dalton heard scuffling noises in the house, and heard a female voice yell, "It's the police." After entering the house through the front door, he proceeded to the bathroom and found the door locked. He kicked the door in, and observed appellant kneeling beside the commode which was flushing at that time. Dalton observed and retrieved two small packets of powder on the floor near the appellant's feet. At this time, the other occupants of the house included appellant's mother, his sister-in-law and her infant, and his brother, Ronald Steeley.

Officer E.W. Pool, who also participated in the search, testified that he observed appellant and his brother inside the residence, and saw Ronald Steeley hand appellant several packets immediately before the officers entered the house.

Barbara Ann Steeley, wife of Ronald Steeley, testified that on the day of the search, she was living at the house with her husband, his mother, and her brother-in-law, the appellant. She stated that the scales found in her bedroom belonged to her husband, Ronald Steeley. When shown the State's exhibits of methamphetamine, she testified that she had seen similar packets in the house and in her husband's possession on previous occasions. Appellant and his brother, Ronald Steeley, both were charged.

In light of these findings, we hold the evidence is sufficient to demonstrate that the appellant knowingly exercised care, custody and control of the methamphetamine. *See Bright v. State,* 556 S.W.2d 317 (Tex.Cr. App.1977); *Mitchell v. State, supra; Rodriquez v. State,* 496 S.W.2d 46 (Tex.Cr.App. 1973). We overrule ground of error two.

In his third ground of error, appellant contends his conviction is void because it was based on a statute that is unconstitutional. Specifically, appellant argues that TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon Supp.1982–83), the Controlled Substance Act, as amended, is unconstitutional because the caption to House Bill 730 fails to meet constitutional requirements concerning the drafting of legislation. We disagree.

The caption in question reads:

"An act relating to offenses and criminal penalties under the Texas Controlled Substance Act."

The appellant asserts that this language fails to meet the requirements of the Tex. Const. art. III, § 35 which reads:

No bill (except general appropriation bills, which may enhance the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

■ It is well established that the caption of an act should be liberally construed so as to uphold its validity, if at all possible. *Lee v. State,* 163 Tex. 89, 352 S.W.2d 724 (1962). However, this rule of liberal construction cannot be used to relieve the Legislature of the necessity of following the constitutional requirement. The purpose of the caption is to require bills to be drafted so as to provide fair notice of their content to the members of the Legislature and the general public. *Stein v. State,* 515 S.W.2d 104 (Tex.Cr.App.1974). The necessity of fulfilling the constitutional requirement is especially true when the bill involved amends an existing statute. *White v. State,* 440 S.W.2d 660 (Tex.Cr.App.1969). Nevertheless, as long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably connected, germane, incidental, or relevant to the main subject. *Whaley v. State,* 496 S.W.2d 109 (Tex.Cr. App.1973); *Lee v. State, supra.*

■ The critical question we must answer is whether the caption to H.B. 730 satisfies the constitutional requirement of adequate notice to the caption-reader. This question has been addressed in several recent opinions: *Bass v. State,* No. 0982–0091–CR (Tex.App.—Beaumont, Nov. 3, 1982, pet. granted) (not yet reported); *Ragan v. State,* 649 S.W.2d 662 (Tex. App.—Waco, 1983, no pet.); *Benavides v. State,* 652 S.W.2d 464 (Tex.App.—Houston [1st Dist.] 1983, pet. pending); and *Presley v. State,* 655 S.W.2d 237 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Contra Crisp v. State,* 643 S.W.2d 487 (Tex.App.—Austin 1982, pet. granted). We concur with the holdings in *Bass, Ragan, Benavides,* and *Presley,* and find that the caption to H.B. 730 satisfies the constitutional requirement of adequate notice, and agree that the amendment contains no new substantive matters which are not pertinent to the Controlled Substance Act as originally passed. Appellant's ground of error three is overruled.

In ground of error four, appellant contends that the court's charge authorized the jury to convict on a theory not alleged in the indictment. We disagree.

Appellant submits that the trial court applied the law of parties, TEX.PENAL CODE ANN. § 7.01 (Vernon 1974), in the charge when this theory was not alleged in the indictment. Section 7.01, provides:

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(b) Each party to an offense may be charged with commission of the offense.

(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

■ The law is clear that a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and crimi-

nally responsible for the conduct of another. *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App. 1978). When the evidence supports a charge on the law of parties, the court may so charge even though there is no such allegation in the indictment. *Ellett v. State,* 607 S.W.2d 545 (Tex.Cr.App.1980); *Pitts v. State, supra.* Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.