## OWENS et al. v. BARHAM, Co. Atty.

### No. 2123.

Court of Civil Appeals of Texas. Eastland.

Nov. 8, 1940.

Williamson & Nordyke, of Stephenville, for appellants.

C. O. McMillan, of Stephenville, for appellee.

LESLIE, Chief Justice.

This is an action brought by B. D. Owens and O. O. Fox, as contestants, against Clint A. Barham, County Attorney of Erath County, as contestee, for the purpose of contesting an election held in Palm Rose School District in said county, to determine whether or not a majority of the legally qualified voters residing in said district desired the consolidation of the same with the Purvis School District in said county.

The contestee filed a plea in abatement and also answered by general demurrer, special exceptions and general denial. A trial was had before the court without a jury, and the court sustained "the plea in abatement and the general and special exceptions of the Contestee," and dismissed the cause at the expense of contestants, who prosecute this appeal.

The plea in abatement is to the effect that the contestants have no justiciable interest in the subject matter of this suit, that they bring the contest in "their own right as individuals and not in a representative capacity."

Owens and Fox, the contestants, allege the facts concerning the election, and that they were at the date thereof "legally qualified, resident property tax paying voters in said Palm Rose District", that said consolidation would increase the tax burdens of contestants and all other property taxpayers in the district, and impose various inconveniences and hardships on their children in attending the consolidated school, etc.

In showing the right of these contestants to institute this proceeding, such allegations went very much beyond the requirements of Arts. 3069 and 3070 (Vernon's Ann. Civil Statutes) as construed in De Shazo v. Webb, Tex.Civ.App., 109 S.W. 2d 264; Id., 131 Tex. 108, 113 S.W.2d 519. Under these authorities "any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election * * *." It was error to sustain the plea in abatement or the exceptions on this ground and such contention is sustained.

The appellants contend that the court erred in each of the rulings referred to. The appellee insists that the general demurrer was properly sustained on general principles, as well as on the specific contention that "where a petition in an election contest merely alleges that the person who voted at such an election was not 21 years of age on the day of the election, such petition does not allege a fact showing that such voter was disqualified for the reason that the petition does not allege that the voter was under 21 years of age."

This attack is addressed to that part of appellants' petition, namely, "Mrs. M. H. Cook, one of the persons who voted in said election, voted in favor of consolidation and on said election day, March 20, 1940, the said Mrs. M. H. Cook was not 21 years of age and was not a legally qualified voter on the day of said election when she cast said vote."

Appellee insists this is the only allegation of fact, or attempted allegation of fact, relating to the legality of such vote, and that "so far as the allegations of the petition in this case are concerned the said Mrs. M. H. Cook may have been 22 years of age on the day of election, or she may have been more than 60 years of age on the day of election, or any other age except 21. There is no statute or other law in our State which confines the right of persons to vote to only those who are 21 years of age and the trial court did not err in sustaining the general demurrer to the contestants' petition."

We are of the opinion that the pleading was not subject to the general demurrer on these grounds. The clear meaning of the allegations is that Mrs. Cook had not attained the age of 21 years when she voted. If mistaken in this view, reasonable intendments indulged in favor of the pleading would certainly give it no other meaning. The principle is elementary and citation of authority unnecessary.

Further, we find other allegations in the pleading compelling these conclusions. And, if it be conceded that there is a legal conclusion in some parts of the pleading to the effect that the facts alleged constituted her "a legally qualified voter", such conclusion may be totally disregarded and the pleading would still remain sufficient as an allegation of the fact that the voter was under 21 years of age when she voted. To interpret the pleading otherwise would be to give undue importance to an unwarranted technical construction. This assignment of error is also sustained.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.