**Lucio GONZALEZ et al., Appellants,**

v.

**Marin GARCIA, District Clerk of Starr County, et al., Appellees.**

No. 13884.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 13, 1961.

Hill, King, McKeithan & Reynolds, Mission, Joe N. Chapman, Sulphur Springs, Arnulfo Guerra, Roma, for appellant.

F. R. Nye, Jr., A. J. Vale, Glenn H. Ramey, Pope & Pope, Rio Grande City, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Lucio Gonzalez, Alonzo Alvarez, Erasmo Perez and Virgilio H. Guerra, in the District Court of Starr County, Texas, against Marin Garcia, District Clerk of Starr County, and others, seeking a mandamus requiring Garcia, as such District Clerk, to fix the amount of a bond to be given by them as contestees in a school trustee election, as is provided by Art. 9.09, Texas Election Code, V.A.T.S. The trial court refused to grant the writ of mandamus and the above named relators have prosecuted this appeal. The appeal turns upon whether Article 9.09, Texas Election Code, applies to election contests for the office of School Trustee. This is a question of first instance in this State.

We have concluded that the provisions of Article 9.09, supra, do not and cannot apply to election contests for the office of School Trustee. In the first place, the office of School Trustee does not carry any salary or fees, and therefore the District Clerk could not possibly determine the amount which would be double the probable amount of salary or fees or both of a School Trustee. Art. 9.09, supra, provides in part as follows:

" * * * the contestee shall, within twenty (20) days after the service of said notice and statement of such contest upon him, file with the clerk of the court in which such contest is pending a bond * * * payable to the contestant, to be approved by said clerk, in an amount to be fixed by said clerk, and not less than double the probable amount of salary or fees or both, as the case may be, to be realized from the office being contested for a period of two (2) years; * * *."

It is true that Art. 9.10, Texas Election Code, provides that if the contestee fails to file such bond, then a similar bond may be filed by contestant. Article 9.11, Texas Election Code makes it the duty of the clerk to officially notify the Governor that contestant has filed such bond, and Art. 9.12, Texas Election Code makes it the duty of the Governor to issue a commission to such contestant.

Appellants are now in office and they fear that if they cannot give the bonds provided for in Art. 9.09, supra that contestants will give the bonds provided for by Art. 9.10, and thereby acquire commissions from the Governor enabling them to take over as School Trustees. Of course, if the Clerk cannot fix the amount of bond for a contestee, because Art. 9.09, supra, does not apply to an election contest for School Trustee, by the same token he cannot fix the amount of bond provided for in Art. 9.10, supra, to be given by a contestant.

The above Articles cannot be applied to the contest of a school trustee election for many reasons, among which are: (1) There is no salary or fees provided for the office of School Trustee; (2) the Governor has no authority to issue a commission to a School Trustee, and (3) Art. 2746, Vernon's Tex.Civ.Stats., makes it the duty of the Board of Trustees to canvass the re-

turns of a school trustee election and issue to the persons elected their commissions as such trustees. See opinion of the Attorney General, dated May 27, 1950, addressed to Hon. Allan Shivers, Governor of Texas.

The trial court properly refused to issue the writ of mandamus prayed for by appellants.

The judgment of the trial court is affirmed.