Eduardo VELA, Appellant,

v.

STATE of Texas, Appellee.

In re Enedina GARZA.

No. 1398.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 12, 1978.

William J. Quackenbush, Pena, Mc-Donald, Prestia & Zipp, Edinburg, for appellant.

William Anderson, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from an election contest and quo warranto proceeding which were consolidated for trial. On April 1, 1978, the City of Hidalgo, Texas conducted a general election for the office of Mayor. The votes were canvassed and Eduardo Vela, the incumbent, was declared the winner by a one vote margin over Enedina Garza. On April 28, 1978, Ms. Garza filed an election contest in the District Court of Hidalgo County, and served Vela with notice. Vela, as contestee, did not file a bond under Tex.Election Code Ann. art. 9.09 (1967)[1] within 20 days of notice.

But, on May 19, 1978, Ms. Garza, as contestant, did file a bond as provided for in

Article 9.10 and the District Clerk certified these facts to the Governor's Office pursuant to Article 9.11. The Governor, then on May 23, 1978, issued a commission appointing Ms. Garza to the office of Mayor.

Vela has refused to relinquish the office of Mayor. As a result, on May 31, 1978, Ms. Garza and the District Attorney filed a quo warranto action to remove Vela from office. Whereupon the election contest and quo warranto proceedings were consolidated for trial.

Trial was to the court without a jury on July 6, 1978. There the parties stipulated, and the court agreed, that the April 1, 1978, election was void in that it was impossible to ascertain the true results of the election. As to the quo warranto proceeding, the court held that Ms. Garza was entitled to hold the office of Mayor until a new election is held on December 2, 1978, or at such other time in January of 1979, as is provided by law. Vela appeals. We affirm.

Appellant brings forward six points of error. Points 4, 5 and 6 challenge the constitutionality of Articles 9.09 through 9.12. Appellant also contended in his oral argument before us and in his reply brief that he received a defective notice of the election contest. We need not consider these points and defective notice allegation, though, because the record shows no pleading or presentation of these defenses to the trial court. These contentions may not be raised for the first time on appeal. Rule 373, T.R.C.P., *City of Kingsville v. International Ass'n, Etc.,* 568 S.W.2d 397, (Tex.Civ. App.—Corpus Christi 1978, no writ). We will therefore consider only appellant's remaining points 1, 2 and 3.

Appellant's point 1, in substance, contends that the trial court erred in granting the Mayor's office to the appellee because the appellee never received a majority of the votes cast at any election. In support of his argument, appellant cites *Wood v. State,* 133 Tex. 110, 126 S.W.2d 4 (1939), and other cases, which state that one may not be seated as an elected official until it

---

1. All statutory references are to Tex.Election Code Ann. unless otherwise noted.

appears that he has received a majority of the legal votes cast at an election. We hold that this rule does not control the present case.

■ Municipalities are political subdivisions of the State, and as such, are subject to the Constitution and general laws of the State. *State ex rel. Burnet Cty. v. Burnet County Hosp. Auth.*, 495 S.W.2d 300 (Tex. Civ.App.—Austin 1973, writ ref'd n. r. e.); 39 Tex.Jur.2d Rev., Municipal Corporations § 112 (1976). In this regard, the Legislature enacted an election code which controls the manner in which municipal as well as other elections are conducted. The Legislature's intention to govern all elections is manifested by Article 1.01 of the Election Code which provides, in part:

". . . the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein."

Articles 9.01 through 9.38 set out the provisions for contesting elections. Article 9.01 states:

"the district court shall have original and exclusive jurisdiction of *all* contests of elections, general or special, for all . . municipal, . . . offices, . . ." (Emphasis supplied).

Article 9.09 provides in pertinent part:

"Whenever the validity of *any* election for an officer other than the Members of the Legislature is contested, the contestee shall, within twenty (20) days after the service of said notice and statement of such contest upon him, file with the clerk of the court in which such contest is pending a bond with two (2) or more good and sufficient sureties, payable to the contestant, to be approved by said clerk, in an amount to be fixed by said clerk, and not less than double the probable amount of salary or fees or both, as the case may be, to be realized from the office being contested for a period of two (2) years; . . ." (Emphasis supplied).

Article 9.10 then provides:

"If the contestee fails to file the bond as required in the preceding Section [art. 9.09], and within the time therein prescribed, said clerk shall notify the contestant immediately of such failure; and such contestant shall have the right within ten (10) days after such notice, to file a like bond payable to the contestee, . . ."

Further, Article 9.11 provides:

"Immediately upon the filing of said bond by the contestant, the clerk shall certify in writing, and under his official seal, to the Governor, that the contestee failed to give the required bond, and that the contestant has given such bond in accordance with law."

Finally, Article 9.12 provides:

"Upon receiving such certificate from the clerk, the Governor shall issue a commission to the said contestant for the office in controversy pending such contest; and thereupon the contestant, upon qualifying in said office as required by law, shall exercise all the rights and powers and perform all the duties of said office for the full term thereof unless it shall otherwise be determined and ordered by the court upon the trial of such contest."

■ The above language manifests a clear legislative intent that the bonding requirements should apply to all contested elections, not specifically exempted, involving officers for which there is an ascertainable salary or fees upon which the clerk can base a bond. Compare *Gonzalez v. Garcia*, 352 S.W.2d 913 (Tex.Civ.App.—San Antonio 1961, no writ). We find no exemption in Article 9.09 for municipal elections. Moreover, Article 9.09 expressly excepts Legislative contests from its provisions. This exception discloses a legislative intent that there should be no exception other than that expressly provided. *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597 (1957). Accordingly, we hold that the provisions of 9.09 through 9.12 apply to the municipal election contest herein.

■ The appellant argues on the other hand, that the Governor's commission, in

effect, declared the appellee to be an elected official. If this were so, it would be contrary to the general rule set forth in *Wood v. State*, supra. The Governor's commission, however, merely authorizes the contestant who properly posts the statutory bond to hold the position for its full term unless the district court orders a change upon trial of the contest. The commission does not declare that the contestant who posts bond is an elected official.

■ Appellant also contends that the trial court's judgment which set aside the April 1, 1978, election effectively negated both appellant's certificate of election and appellee's commission from the Governor. This is not the case though. While we would agree that the judgment negated the effect of appellant's certificate of election, Article 9.12 states that the contestant securing the Governor's commission may perform the duties of said office for the full term thereof unless it shall otherwise be determined and ordered by the court upon the trial of the contest. The court's order herein allows the Governor's commission to remain in force until a new election is held on December 2, 1978, or in January of 1979. Appellant's first point of error is overruled.

Appellant's point 2 contends that Article 9.09 does not apply to this case because the salary and fees of Mayor are nominal and offset by legitimate expenses. Appellant also asserts that the Governor's commission should not issue when a fact issue exists as to the net fees of office and there is no hearing in regard thereto.

■ As to the first contention, we observe that the argument is based upon the assumption that the facts show that the salary of Mayor is indeed nominal and offset by the expenses of office. We note, however, that findings of fact and conclusions of law were neither requested nor filed in this case. Appellant did bring forward a statement of facts and therefore it must be presumed upon appeal that the trial judge found every fact necessary to sustain the judgment, provided such fact is raised by the pleadings and is supported by the evidence. Further, in considering the

sufficiency of the evidence in support of presumed findings, we must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary and indulge every legitimate conclusion which tends to uphold the judgment. *Texas Constructions Associates, Inc. v. Balli*, 558 S.W.2d 513, 517 (Tex.Civ.App.—Corpus Christi 1977, no writ). In this connection, we must presume the trial judge found that the salary and fees of the Mayor's office herein were not nominal and offset by legitimate expenses. Guided by the above presumptions, we find support in the evidence for this presumed conclusion and overrule appellant's first contention.

■ In regard to the latter contention that a commission should not issue when a fact issue exists as to the net fees of office and no hearing is held in that connection we find no evidence in the record that this argument was presented to the trial judge in the court below. It may not be brought up for the first time on appeal. Appellant's second point is overruled.

Appellant's third point contends the appellee's commission is void because the Governor has no authority to issue a commission to a municipal office seeker. Appellant bases his argument upon the language of Articles 9.06 and 8.45 of the Election Code.

Article 9.06 provides:

"If the contest be for the validity of an election for any State office, except the offices provided for in Section 155 [art. 9.27], or for any district office, except Members of the Legislature, or for any county office, a copy of the notice and statement of the contestant and of the reply thereto of the contestee served on the parties shall be filed with the clerk of the court having jurisdiction of the case."

Appellant argues that because Article 9.06 makes no provision that a party to a municipal election contest must file the notice, statement and reply in the district court, that the bonding requirements of Articles 9.09 through 9.12 do not apply to a municipal election contest.

We do not agree with this logic for several reasons. First, it is clear that under Article 9.01 that the district court has original and exclusive jurisdiction of all municipal election contests. Second, Article 9.06 is entitled "Where to file papers". The provision is primarily intended to direct parties where to file their papers rather than setting forth any notion of what types of election contests are covered by the bonding requirements of Articles 9.09 through 9.12. Though Article 9.06 does not mention municipal election contests, it does not specifically exclude municipal contestants from also filing their papers in the district court, and it would be contrary to the district courts' exclusive jurisdiction of municipal election contests to so provide. Finally, it should be noted that Article 9.15 of the Election Code empowers the district court to declare an election void on the trial of any contest provided for in Article 9.06. While 9.06 makes no mention of municipal election contests, Article 9.15 has not only been treated as a possible basis for voiding municipal elections, but was actually cited by the appellant as the basis upon which the April 1, 1978 election herein was voided. See, for example, *Gottlieb v. Hofheinz*, 523 S.W.2d 7 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd); *Diaz v. Valadez*, 520 S.W.2d 458 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Oser v. Cullen*, 435 S.W.2d 896, 900 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ dism'd). In sum, Article 9.06 does not preclude application of Articles 9.09 through 9.12 to the instant case.

Article 8.45 of the Election Code provides:

"The Governor shall commission all officers except Governor, members of Congress, electors for President and Vice-President, of the United States, members of the Legislature and municipal officers."

Appellant cites Article 8.45 to show that the Governor has no authority to issue a commission to any municipal officer, and thus, Articles 9.09 through 9.12 cannot apply to a Mayor's election. Appellant cites *Gonzalez v. Garcia*, supra, to support this contention. *Gonzalez* is distinguishable, though, in that the court there, in deciding that Articles 9.09 through 9.12 did not apply to a school trustee election contest, primarily relied upon the fact that the office of school trustee did not carry any salary or fees upon which to base an Article 9.09 bond. Appellant emphasizes, however, that the court also indicated that the Governor did not have the authority to issue a commission to a school trustee in an election contest, presumably relying upon Article 8.45 of the Election Code. While we agree that the Governor does not have the authority to issue a commission to a municipal officer in the normal election situation under Article 8.45, the Legislature has provided that in exceptional circumstances, i. e., election contests, the Governor shall have authority to issue a commission to a contestant who posts bond pursuant to Articles 9.09 through 9.12. Accordingly, we find that the Governor's commission is valid, and we overrule appellant's third point of error.

The judgment of the trial court is affirmed.

Because of the emergency arising from the approach of the date for a new election, the parties are hereby denied the right to file a motion for rehearing. See *Bray v. Peden*, 213 S.W.2d 469 (Tex.Civ. App.—Fort Worth 1948, no writ).