**Lynda Rita DODD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–329CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 1983.

Rehearing Denied March 10, 1983.

Marshall D. Brown, Houston, for appellant.

Winston E. Cochran, Jr., Jim Peacock, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Charged by information with the misdemeanor offense of possession of marijuana and two other drug possession offenses, appellant entered a plea of guilty to the marijuana offense. The trial court accepted the guilty plea and assessed punishment at three days confinement in the Harris County Jail plus a three hundred fifty dollar fine. With the trial court's permission, appellant brings one ground of error to reverse her conviction. We affirm.

Appellant's only ground of error contends the trial court erred in failing to grant her motion to quash the information because the legislature had eliminated all penalties regarding the possession of marijuana. Chapter 268, § 8, at 702 of the 1981 Texas Session Laws, Tex.Rev.Civ.Stat.Ann. article 4476–15 § 4.051 (Vernon Supp.1982–1983) (unlawful possession of marijuana) was signed into law on May 29, 1981. Chapter 276, § 1, at 741 of the 1981 Texas Session Laws, also designated article 4476–15 § 4.051 (delivery of controlled substance to minor), was signed into law on June 1, 1981. Appellant asks this court to hold that Chapter 276, § 1 repealed Chapter 268, § 8 because it was enacted three days later. If this were true, there would be no penal statute for possession of marijuana and appellant's conviction would be void.

■ Since Chapter 276, § 1, does not explicitly repeal Chapter 268, § 8 the question arises whether there was an implied repeal of Chapter 268, § 8. Repeal of statutes by implication is not favored. *Standard v. Sadler,* 383 S.W.2d 391, 395 (Tex. 1964); *Hines v. State,* 515 S.W.2d 670, 675 (Tex.Cr.App.1974). Laws relating to the same subject matter should be considered as though incorporated in the same act. *Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138 (1961). If they can be harmonized and effect given to each, there is no repeal by implication. Applying this rule, it is obvious these two statutes pertaining to criminal liability under article 4476–15 (Texas Controlled Substances Act) can be harmonized. There is no overlap or conflict in subject matter except with respect to the numbering system used in each. When two acts of the same legislative session are directly and irreconcilably in conflict, the latter act repeals the former act by implication. *Wright v. Broeter,* 145 Tex. 142, 196 S.W.2d 82, 84 (1946). However, these two sections deal with completely different subject matters and are not in conflict. Therefore, Chapter 276, § 1 did not impliedly repeal Chapter 268, § 8.

■ Although the Texas Controlled Substance Act is not a formal code, it is organized similar to a code. The Code Construction Act, Tex.Rev.Civ.Stat.Ann. art. 5429b–2 (Vernon Supp.1982–1983), does not apply by its explicit terms, but is a useful reference for statutory construction. Article 5429b–2, § 3.04 states section captions neither limit nor expand the meaning of any statute. Therefore, by analogy, section numbers should also not be read as limiting the meaning of a statute. The legislature intended to retain the prohibition of marijuana possession by enacting Chapter 268, § 8. We must honor that intent despite the confusion created by the enactment of two sections of the Texas Controlled Substance Act bearing § 4.051. Therefore we hold Chapter 268, § 8 was not repealed by Chapter 276, § 1 and appellant's conviction for possession of marijuana is valid.

The judgment of the trial court is affirmed.