**Michael Ray RAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–100–CR.**

Court of Appeals of Texas,
Waco.

Feb. 10, 1983.

Robert C. Dunn, Corsicana, for appellant.

Patrick C. Batchelor, Criminal Dist. Atty., Corsicana, for appellee.

HALL, Justice.

The Texas Controlled Substances Act, Vernon's Tex.Civ.St. art. 4476—15, as amended effective September 1, 1981, provides in Sec. 4.05(a) and (b)(4) that a person commits a felony of the second degree if he knowingly or intentionally delivers a quantity of marihuana of five pounds or less but more than four ounces. Appellant was convicted of this offense by a jury. The jury set his punishment at imprisonment for twenty years and a fine of $10,000.00, the maximum punishment provided for the offense in Sec. 4.01(b)(2) of the Act, as amended.

In its pertinent parts the indictment alleged that on October 2, 1981, appellant intentionally and knowingly delivered "a quantity of marihuana of more than four ounces and less than five pounds for remuneration to Russell Lawrence by then and there actually transferring said marihuana to the said Russell Lawrence." The evidence supports appellant's conviction under this indictment, and he does not assert otherwise. It shows that on October 2, 1981, appellant personally handed Russell Lawrence 12.2 ounces of marihuana in a brown paper sack in exchange for $525.00.

Vernon's Tex. Const. art. 3, § 35 provides in pertinent parts as follows:

"No bill, . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

In his first ground of error appellant contends that the amendment exceeds the stated purposes of its title in many particulars, and is therefore unconstitutional under art. 3, § 35. We overrule this contention.

The entire title to the amendment to art. 4476—15 effective September 1, 1981, under which appellant was convicted, reads:

"An Act Relating to Offenses and Criminal Penalties Under the Texas Controlled Substances Act."

Although not yet decided by our Court of Criminal Appeals, the question of the amendment's constitutionality has twice been before Courts of Appeals of Texas, with conflicting results. *Bass v. State,* (Tex.Ct.App.—Beaumont 1982); *Crisp v. State,* 643 S.W.2d 487 (Tex.Ct.App.—Austin 1982). In *Bass,* the Beaumont Court held the amendment was constitutional; and in *Crisp,* the Austin Court held the amendment was unconstitutional. Both of those cases dealt with convictions for possession of marihuana denounced in Sec. 4.051 of the amendatory act. We do not believe that a proper disposition in our case requires a decision on the validity of the entire amendment. For the reasons that follow, it is our view and holding that the amendment of Sec. 4.05 of the statute, under which appellant was convicted, is valid even if other portions of the amendatory act might be outside the caption of the amendment and therefore unconstitutional.

■ We need not detail all the changes made in art. 4476—15 by the amendment in question. Our particular concern is directed to the amendment of Sec. 4.05 and related penalty changes in Sec. 4.01, and whether notice of these changes was adequately embraced in the caption of the amendatory act. The net effect of these changes was to reclassify offenses of possession and delivery of marihuana, and to provide incremental punishments to fit the crime, based upon the quantity possessed or delivered. "The critical question for determining adequate compliance with Article III, Section 35, of the Texas Constitution is whether the caption [of an amendatory bill] 'put any reasonable caption reader on notice that he will find new matter in the body of the bill.'" *Bates v. State,* 587 S.W.2d 121, 128–129 (Tex.Cr.App.1979). It is not necessary that the caption set out exactly what changes were made in the amendment, so long as the subject of the amendatory act is not "remote" from the subject of the original act. *Smith v. Davis,* 426 S.W.2d 827, 833 (Tex.1968). In our case, the changes in

Sec. 4.05 and Sec. 4.01 of art. 4476—15 by the amendment in question clearly related "to offenses and criminal penalties under the Texas Controlled Substances Act," and thus were within the announced purpose of the amendatory act as set forth in its title; and they were not remote from the subject of the original act. We hold that notice of these changes was adequately "expressed in the title" of the amendatory act within the meaning and requirement of art. 3, § 35 of our state constitution.

■ A host of cases could be cited in which legislative acts containing both valid and invalid provisions have been construed. It is clear under the decisions that where a statute contains provisions which are legal, and others which are not, effect may be given to the legal provisions by separating them from the illegal, unless the invalid part is so intermingled with the valid as to make it impossible to separate them and so preclude the presumption that the Legislature would have passed the valid part anyhow. *Sharber v. Florence,* 131 Tex. 341, 115 S.W.2d 604, 606 (1938); *Empire Gas & Fuel Company v. State,* 121 Tex. 138, 47 S.W.2d 265, 275 (1932). This rule applies even though, as in our case, the legislative enactment does not contain a severability clause "saving" the valid parts. "It has been consistently held that where a portion of a statute has been declared unconstitutional, and there is an absence of a saving or severability clause, the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the legislative intent wholly independent of that which has been rejected." *Tussey v. State,* 494 S.W.2d 866, 870 (Tex.Cr.App.1973).

■ The only changes made by the amendment that relate to the case before us changed the offense committed by appellant from a third degree felony to a second degree felony because of the amount of marihuana delivered, and also changed the penalty for the offense. In the manner set forth in the amendatory act, these changes are plainly independent of and easily sepa-

rable from the other provisions of the act. It was and is common knowledge, permitting judicial notice by us, that, prior to the amendment, trafficking in marihuana in large quantities, both by possession and delivery, without appropriate and deterring penalties, had become a serious problem of law enforcement in our state. Viewed in the context of the entire act, and particularly in the light of the purpose of the amendment announced in its title, we believe and hold that the Legislature intended to enact the changes in question separately from and regardless of the validity of other provisions in the act.

 In his second ground of error appellant argues that the indictment against him is defective because it fails to specify and thereby adequately notify him of the exact amount of marihuana delivered (12.2 ounces) and of the exact remuneration received by him ($525.00), and that the court erred in overruling his motion to quash the indictment on these grounds. We disagree with these contentions. What the state was required to allege in the indictment in relation to the quantity of marihuana delivered, was "every fact which may affect the degree or kind of punishment." *Gonzales v. State,* 530 S.W.2d 570, 571 (Tex.Cr.App. 1975). This was accomplished with the allegation that the quantity delivered by appellant was "more than four ounces and less than five pounds." Article 4476—15, Sec. 4.05(b)(4). This allegation classed the offense alleged against appellant a felony of the second degree regardless of whether the delivery was made for remuneration. The allegation in the indictment as to remuneration was surplusage, and not required at all, remuneration no longer being an element of the offense. Nevertheless, having alleged it, the state was required to prove it, and it was proved.

In his remaining complaint appellant asserts the prosecutor committed reversible error in his closing argument to the jury at the guilt/innocence phase of the trial by referring to appellant as a "dope pusher." Since there was no objection to this argument, nothing is presented for review.

*Griffin v. State,* 487 S.W.2d 81, 82 (Tex.Cr. App.1972); *Archer v. State,* 474 S.W.2d 484, 485 (Tex.Cr.App.1971). Moreover, the argument was proper as a reasonable deduction from the evidence that the marihuana sale and delivery in question were solicited and made personally by appellant. *Alvarez v. State,* 508 S.W.2d 100, 103 (Tex.Cr.App. 1974); *Cazares v. State,* 488 S.W.2d 110, 112 (Tex.Cr.App.1972); *Griffin v. State,* supra.

The judgment is affirmed.