**Damian Pena BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–162–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1983.

Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Don Ervin, Houston, for appellant.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction of possession of marihuana, pursuant to a plea bargain. The Court sentenced the appellant to four years confinement and granted him permission to appeal his pre-trial motion to suppress the fruits of the search warrant.

The appellant raises four grounds of error on appeal. By his first two grounds of error, the appellant attacks the constitutionality and continuing validity of the statute under which he was convicted. By his last two grounds, he attacks the legality of the search warrant.

The appellant first alleges that the statute under which he was convicted is unconstitutional because the title to the House Bill was insufficient. The appellant was convicted under article 4476–15, Section 4.051, Tex.Rev.Civ.Stat.Ann. (Vernon 1981). House Bill 730, the source of this article, was titled as follows: "An act relating to offenses and Criminal Penalties under the Texas Controlled Substances Act."

The appellant states five specific instances by which H.B. 730 is inadequate:

(1) It amends many sections of existing law under the controlled substances act, although the caption gives no notice that it is an amendatory act.

(2) The act creates new offenses by making Title Four of the Penal Code ap-

plicable to prosecutions under the controlled substances act.

(3) The act substantially changes the previous punishment scheme.

(4) The act amends article 44.04(c), Texas Code of Criminal Procedure, by permitting bail to be denied pending appeal regardless of the length of the sentence imposed.

(5) The act declares an emergency, although this fact is not denoted in the caption.

■ It is the appellant's position that H.B. 730 contains more than one subject and that the title is inadequate to give notice of the effect of the bill.

Article III, § 35 of the Texas Constitution contains the following provisions:

No Bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed.

The Court of Criminal Appeals and the Supreme Court have held that the purpose of Article III, § 35, is to advise the legislature and the people of the nature of each particular bill, and to prevent fraud or deception as to the substance of a bill. They have further held that the caption of a bill should be liberally construed so as to uphold its validity. A strict construction which would lead to striking down a bill as unconstitutional is not favored. *White v. State,* 440 S.W.2d 660 (Tex.Cr.App.1969); *Fletcher v. State,* 439 S.W.2d 656 (Tex.1969).

■ Since notice is the function of the title requirement for legislative bills, the sufficiency of the title is determined by what the title says, and not what the legislature may have intended it to say. The title must give fair notice within itself and a reading of the title must reasonably forewarn of the subject of the statute. *White v. State, ibid.; Harris County Fresh Water Supply District No. 55 v. Carr,* 372 S.W.2d 523 (Tex.1963).

■ Where the act is an amendatory act, the caption or title of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment. However, new substantive matter in the amendment, which is not germane to the provision amended, is invalid on any matter not expressed in the title of an amendatory act. Hence, generality in the title of an amendatory act is favored over specificity. *White v. State, supra.* Therefore, as long as the caption states the main subject of an act, it will also be construed to cover any subsidiary matters if they are reasonably connected, germane, incidental, or relevant to the main subject. *Whaley v. State,* 496 S.W.2d 109 (Tex.Cr. App.1973); *Lee v. State,* 163 Tex. 89, 352 S.W.2d 724 (Tex.1962).

■ The validity of the caption in H.B. 730 has been the subject matter of three recent opinions, *Crisp v. State,* 643 S.W.2d 487 (Tex.App.—Austin 1982, Pet. granted), *Bass v. State* (Tex.App.—Beaumont, No. 09–82–0091–CR, Nov. 3, 1982, Pet. granted) and *Ragan v. State,* 649 S.W.2d 662, (Tex.App.—Waco, 1983). In *Crisp,* the Austin court held the caption to be vague, general, and insufficient to meet constitutional requirements. In *Bass,* the Beaumont court reached an opposite conclusion and upheld the constitutionality of the act. The Waco Court, in *Ragan,* reached the same conclusion as the Beaumont Court.

We agree with the holding in *Bass* and *Ragan* because we are of the opinion that there is no new substantive matter connected with, or relevant to, the main subject of the act which the caption does not encompass. To hold otherwise would require that the caption of H.B. 730 contain more subject matter than the act. Further, the reasoning applied by the Court of Criminal Appeals in *Turnipseed v. State,* 609 S.W.2d 798 (Tex.Cr.App.1980), appears to support the conclusion reached by the Beaumont court in *Bass.*

■ The appellant's last contention under ground of error one is that H.B. 730 is unconstitutional because the caption did not contain notice that the act was to be enact-

ed on an emergency basis. We find no merit to this contention.

Article III, § 39 provides that:

"no Law . . . shall take effect or go into force until 90 days after the adjournment of the session at which it is enacted, unless in case of an emergency, which emergency must be expressed in a preamble or *in the body of the act, . . .*" (emphasis added)

The emergency clause was included in the body of H.B. 730 and complies with the constitutional requirement.

The appellant's first ground of error is overruled.

■ The appellant next asserts that the statute under which he was convicted has been repealed by implication. This ground of error is also jurisdictional and may be raised on appeal despite the appellant's plea bargain.

The basis of the appellant's allegation is that there are two different sections of the Texas Controlled Substances Act which are numbered 4.051. One of the sections proscribes possession of marijuana and was part of H.B. 730. The other section provides for an aggravation element in the delivery of a controlled substance when the substance is delivered to a person who is seventeen years old or younger. This section was part of H.B. 729.

It is the appellant's contention that H.B. 729 was enacted three days subsequent to the enactment of H.B. 730, and therefore, by implication, repeals that portion of H.B. 730 which has an identical section number. The appellant cites *Ex Parte De Jesus De La O,* 154 Tex.Cr.R. 326, 227 S.W.2d 212 (Tex.Cr.App.1950), to support his position. In *De La O,* the Court of Criminal Appeals held that where two acts which are passed at the same session of the legislature cannot be reconciled, the first in time must give way to the last, and the latter act will stand as the final expression of the legislative will. 227 S.W.2d at 213.

■ The two acts involved in the instant case are not irreconcilable. H.B. 730 § 8 proscribes the possession of marihuana,

while H.B. 729 § 1 provides for aggravated delivery of a controlled substance. Although these two laws may have the same section number, they do not conflict with each other in content; they proscribe separate offenses. Since repeal of statutes by implication is not favored, old and new statutes which are not positively repugnant will be construed so as to give effect to both. *Standard v. Sadler,* 383 S.W.2d 391 (Tex. 1964); *Hines v. State,* 515 S.W.2d 670 (Tex. Crim.App.1974). Moreover, laws relating to the same subject should be considered as though incorporated into the same act. If they can be harmonized and effect given to the content of each, there is no repeal by implication. *Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138 (1961); *Dodd v. State,* No. B14–82–392, 650 S.W.2d 129 (Tex.App.— Houston [14th Dist.].

■ The two statutes in the instant case are not repugnant to each other and can be harmonized as part of the effort to control the possession and sale of illegal drugs. The appellant's second ground of error is overruled.

■ In his third and fourth grounds of error, the appellant challenges the validity of the search warrant. He argues that the affidavit supporting the warrant fails to meet the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In *Aguilar,* the Supreme Court set down the requirements for establishing the reliability of an informant on whose tip probable cause for a search warrant is based. The appellant urges that the affidavit describing the informant's tip did not meet these requirements. He therefore concludes that the fruits of the search should have been suppressed.

These grounds fail to establish reversible error because the appellant judicially admitted that he committed the offense by signing a stipulation of his guilt. *Strother v. State,* 619 S.W.2d 177 (Tex.Cr.App.1981); *Brewster v. State,* 606 S.W.2d 325 (Tex.Cr. App.1980).

The appellant's third and fourth grounds of error are overruled.

The judgment of the trial court is affirmed.