**Damian Pena BENAVIDES**

v.

**The STATE of Texas, Appellee.**

**No. 729–83.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., and Ned Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for possession of marihuana in a quantity of more than five pounds and less than fifty pounds. Appellant was convicted in a trial before the Court following a plea of guilty, and punishment was assessed at four years. Appellant's conviction was affirmed by the Court of Appeals. *Benavides v. State,* 652 S.W.2d 464 (Tex.App.—Houston [1st] (1983).

In his first ground of error, appellant maintains that the statute under which he was convicted is unconstitutional. Appellant contends that the caption of H.B. 730

failed to meet the requirements of Article III, Section 36 of the Texas Constitution. The Court of Appeals rejected appellant's contention and stated:

"We agree with the holding in *Bass* and *Ragan* [*v. State,* 649 S.W.2d 662] because we are of the opinion that there is no new substantive matter connected with, or relevant to, the main subject of the act which the caption does not encompass. To hold otherwise would require that the caption of H.B. 730 contain more subject matter than the act."

In *Ex Parte Crisp,* 661 S.W.2d 944 (Tex. Cr.App.1983), this Court held that the caption to H.B. 730 which purported to amend the Controlled Substances Act was defective in that it failed to appraise readers of the changes in the Code of Criminal Procedure and Penal Code effectuated by the amendment. We find that this Court's opinion in *Ex Parte Crisp,* supra, directly affects the merit of appellant's first ground of error presented to the Court of Appeals. Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex. Crim.App.Rules), the appellant's petition for discretionary review is granted and this cause is remanded to the Court of Appeals for the First Supreme Judicial District for reconsideration of appellant's first ground of error.

The judgment of the Court of Appeals is vacated and the cause is remanded to that Court for further proceedings consistent with this opinion.