**W.C. WRIGHT, Orange County Attorney, Appellant,**

v.

**Jim I. GRAVES, Appellee.**

**No. 09 84 281 CV.**

Court of Appeals of Texas, Beaumont.

April 5, 1984.

Rehearing Denied April 27, 1984.

David J. Kreager, Orgain, Bell & Tucker, Beaumont, for appellant.

Paul E. Stallings, David H. Brown, Houston, O.J. Weber, Jr., Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

The Commissioners Court of Orange County, Texas, after a petition of more than ten percent of the qualified voters, determined that the Orange Memorial Hospital should be sold or leased. The order was dated October 10, 1983. The election was held November 8, 1983; the results were canvassed by the Commissioners Court on November 14, 1983, and it was declared that a majority voted to lease the hospital. James I. Graves filed a contest and later a motion for summary judgment, which was granted on January 18, 1984, from which appeal has been perfected to this Court. The Appellant is W.C. Wright, County Attorney of Orange County; Appellee, of course, is Graves, and they will be referred to in this opinion as Appellant and Appellee.

Appellant has several points of error. The central and controlling one is whether the ballot submitted to the voters was proper. The trial court held it to be void.

The ballot submitted to the voters follows:

"INSTRUCTION NOTE: Place an 'X' in the square beside the statement indicating the way you wish to vote. Place and 'X' in only one box.

☐ Should the County Hospital be leased to HEI Corporation

or

☐ Should the County, itself, operate the County Hospital, under the County budget"

This hospital was created in 1953 under the authority granted in *TEX.REV.CIV. STAT.ANN. art. 4478* (Vernon Supp.1984), passed in 1913, amended in 1973, 1977, and again in 1981. *TEX.REV.CIV.STAT.ANN. art. 4494l* (Vernon Supp.1984), providing for the sale, lease, or closure of county hospital by county, originally enacted in 1949, amended in 1955, and 1981, now provides, inter alia,

"Section 1. Any county in this State having a county hospital which is operated by said county, *may sell or lease such hospital,* provided the Commissioners Court of said county shall find and determine by an order entered in the minutes

of said Court that it is to the best interest of said county to sell or lease all or any part, including real property of such hospital. *The county may also close the hospital or a part of the hospital.* The proposed sale or lease of such county hospital shall not be completed until the Commissioners Court of such county shall have complied with the provisions of this Act.

\* \* \* \* \* \*

"Sec. 3. If, by the time fixed for such hearing and consideration by the Court, as many as ten per cent (10%) in number of the qualified voters of said county shall petition the Commissioners Court in writing to submit to a referendum vote the question as to whether or not the county hospital shall be sold or leased or shall be continued under county operation, then such Commissioners Court shall not be authorized to sell or lease such hospital and shall not finally sell or lease the same unless the proposition to sell or lease such county hospital is sustained by a majority of the votes cast at said election. *Such election shall be held under and governed by the election provisions of Article 4478 Revised Civil Statutes of 1925, of the State of Texas.*" (emphasis supplied)

The only "election provisions" of *Article 4478*[1] appear in a footnote hereunder.[2]

It is this last underlined sentence in *Section 3 of Article 4494l* on which appellant contends the ballot in the case at bar is proper and no election contest is authorized in this situation.

On the other hand, appellee contends the ballot must conform to TEX.ELEC.CODE ANN. art. 6.05, subd. 8 (Vernon Supp.1984) which states:

"Subdivision 8. When constitutional amendments or other propositions are to be voted on, they shall appear once on each ballot in uniform style and type. Each proposition shall be submitted by printing the word 'FOR' and beneath it the word 'AGAINST' on the left-hand side of a single statement of the proposition, with a brace or parallel horizontal lines or other suitable device to show clearly to which proposition each 'FOR' and 'AGAINST' belongs. A square shall be printed on the left-hand side of the word 'FOR' and of the word 'AGAINST' in the statements submitting each proposition, and the following instruction note shall be printed immediately above the propositions: 'Place an "X" in the square beside the statement indicating the way you wish to vote.' The provisions of this subdivision shall supersede all existing statutes on the form in which propositions are to be submitted in all elections

---

1.  All Articles herein refer to Texas Revised Civil Statutes unless otherwise indicated.

2.  "The commissioners court of any county shall have power to establish a county hospital and any medical or other health facilities and to enlarge any existing hospitals or facilities for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, or any medical or other health facilities, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital or facilities. Whenever any such proposition shall receive a

majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital or facilities and shall have the following powers:

\* \* \* \* \* \*

"8. The Commissioners Court of any county may close by order on terms it considers reasonable any medical facility constructed, purchased, or acquired under this Act, and this order shall be final thirty days after promulgation unless at least ten per cent of the qualified electors in the county petition the Commissioners Court within the thirty days requesting that an election be held in the county to determine whether or not the medical facility shall be closed. On proper petition, the Commissioners Court shall set a time for an election and shall submit to the qualified electors of the county ballots providing for voting for or against the proposition: 'The closing of (Name of medical facility to be closed).'"

where paper ballots are used and shall also supersede any conflicting enactment passed by the 60th Legislature at its regular session unless such enactment expressly excepts it from the operation of this subdivision."

We first must determine if the Election Code applies to our election. This is answered in TEX.ELEC.CODE ANN. art. 1.01 (Vernon 1967) which follows:

"The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections, to simplify, clarify and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. *To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein."* (emphasis supplied)

See *Vela v. State,* 572 S.W.2d 128 (Tex.Civ. App.—Corpus Christi 1978, no writ).

■ Our duty is, if possible, to harmonize the various statutes involved, resolve any inconsistency, and give effect to the dominant legislative intent. *Standard v. Sadler,* 383 S.W.2d 391, 395 (Tex.1964); *Southern Canal Co. v. State Board of Water Eng.,* 159 Tex. 227, 318 S.W.2d 619 (1958); *Benavides v. State,* 652 S.W.2d 464 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Dodd v. State,* 650 S.W.2d 129 (Tex. App.—Houston [14th Dist.] 1983, no writ);

**3.** See *Fowler v. State,* 68 Tex. 30, 3 S.W. 255 (1887); *Prado v. Johnson,* 625 S.W.2d 368 (Tex. Civ.App.—San Antonio 1981, writ dism'd); *Zavaletta v. Parker,* 611 S.W.2d 466 (Tex.Civ.App. —Corpus Christi 1980, no writ); *Little v. Alto Ind. Sch. Dist. of Alto, Cherokee Cty.,* 513 S.W.2d 886 (Tex.Civ.App.—Tyler 1974, writ dism'd); *Day v. Crutchfield,* 400 S.W.2d 377 (Tex.Civ.App. —Texarkana 1965, writ dism'd); *Mitchell v. Jones,* 361 S.W.2d 224 (Tex.Civ.App.—Texarkana 1962, no writ); *Christy v. Oliphint,* 291 S.W.2d 406 (Tex.Civ.App.—Galveston 1956), affirmed,

*Brown v. Patterson,* 609 S.W.2d 287 (Tex. Civ.App.—Dallas 1980, no writ).

■ We conclude that *Article 4478* provides for an election when the required number of voters petition the Commissioners Court, but that the election is governed by the provisions of the Texas Election Code. Indeed, were we to hold that the Election Code is inapplicable, then we would have no rules concerning the eligibility of voters, the times and places for holding elections, the supervising officers, the counting and tabulation of ballots, and all the other rules and prohibitions contained in the Election Code. We are not authorized to edit the Code and decide which provisions apply, and which do not apply in an election such as we review here.

We must decide if *Article 6.05(8)* of the Election Code is mandatory or directory.[3]

The right of constitutional suffrage is the most important right in our democratic system of government, and is the real difference between our system and others. As long as we retain it, we have the power to force needed changes at all levels of our government, for we cling steadfastly to the belief that the instinct and wisdom of the people surpass that of any individual or group and vouchsafe to us, and the generations to follow, freedom.

To determine if the form of ballot utilized in this election violated constitutional suffrage, we return first to the statute involved, then to the ballot itself. Previously in this opinion (underlined), we pointed out that *Art. 4494l* gives the voters these alternatives:

1. Sell the hospital.[4]

2. Lease the hospital.

157 Tex. 1, 299 S.W.2d 933 (1957); *Schrock v. Hylton,* 133 S.W.2d 175 (Tex.Civ.App.—Dallas 1939, no writ); *State v. Fletcher,* 50 S.W.2d 450 (Tex.Civ.App.—Beaumont 1932, writ dism'd).

**4.** Appellant urges this is not really an alternative because a sale would result in revestire in the grantor. While this may be a good reason to urge the voters to cast their vote against such a proposition, nevertheless the voters have this alternative as a legal right.

3. Close all or a part of the hospital.

■ The ballot in question gave the voters the alternative to lease the hospital to HEI Corporation, or operate the county hospital *under the county budget.*[5] The basic fault of this ballot is that the voter must vote for one of the propositions to vote against the other. Therefore, obviously the submitted ballot did not give the voters all the alternatives to which they were legally entitled. We hold that the form of ballot prescribed by *Article 6.05(8)* of the Texas Election Code is mandatory. See *People v. Scully,* 408 Ill. 556, 97 N.E.2d 829, 832 (1951).

Alternative propositions may be submitted in a "for or against" format. *Royalty v. Nicholson,* 411 S.W.2d 565 (Tex.Civ. App.—Houston 1967, writ ref'd n.r.e.). But they need not be. The Commissioners Court may only submit the question of leasing the hospital. If it passes, the matter is ended. If it fails, the matter goes back to the drawing board and the hospital continues as is, pending further proposal by the Commissioners Court. Nor is it necessary for the voters to select the lessee (as the format here, "HEI"). This is a responsibility of the Commissioners Court under the statutes cited in this opinion.

■ Having determined that the Election Code applies to the election under review, it is clear that Appellee, as a resident of Orange County, has standing to contest the election. TEX.ELEC.CODE ANN. art. 9.30 (Vernon 1967).[6] See *Hodges v. Cofer,* 449 S.W.2d 836 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *Derrick v. County Bd. of Education of Donley County,* 374 S.W.2d 259 (Tex.Civ.App.— Amarillo 1963, writ dism'd); *Owens v. Barham,* 145 S.W.2d 937 (Tex.Civ.App.—Eastland 1940, no writ). Graves is also President and a member of the Board of Directors of the Orange Memorial Hospital Corporation.

For the reasons above stated, we believe that it is impossible to ascertain the true result of the election under review. We, therefore, sustain the trial court's order and overrule all of Appellant's points and contentions except one—the trial court's judgment did not order another election. Appellee argues this was proper because Appellant did not object to the judgment in this respect. We do not believe the Appellant could waive the clear direction of the statute.[7]

The hospital involved belongs to the people of Orange County who are entitled to a prompt resolution of this controversy. This cause will, therefore, be remanded with instructions to the trial court to order another election as soon as the law permits.

Affirmed in part, reversed and remanded in part.

■

---

**5.** We take judicial notice that Orange County is experiencing most severe financial problems at this time.

**6.** "Art. 9.30. Other contested elections.

   "If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, *any resident* of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter [arts. 9.01–9.38] for contesting the validity of an election for a county office." (emphasis supplied)

**7.** TEX.ELEC.CODE ANN. art. 9.15 (Vernon 1967) provides, inter alia, "the court *shall* adjudge such election void, and direct the proper officers to order another election ...." (emphasis supplied)