Damian Pena BENAVIDES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0162–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 8, 1984.
Rehearing Denied Nov. 30, 1984.

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Harris County Asst. Dist. Atty., Ned Morris, Harris County Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

## ON REMAND

JACK SMITH, Justice.

This is an appeal of a conviction for possession of marijuana in a quantity of more than five pounds but less than 50 pounds. Appellant plead guilty in a trial before the court and punishment was assessed at four years confinement pursuant to a plea bargain agreement. On appeal, this court, 652 S.W.2d 464 (Tex.App.1983), affirmed the conviction, and appellant filed a petition for discretionary review. 664 S.W.2d 328 (Tex.Cr.App.1983). The petition was granted and the judgment of this court was reversed and remanded.

Appellant was charged and convicted under Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.051(b)(4).[1] Appellant contends that his conviction was unconstitutional as the caption to H.B. 730, which amended the Controlled Substances Act, failed to meet the requirements of Tex. Const. art. III, sec. 35 and was therefore invalid. He further contends that the invalidity of that statute removes the conduct of possessing marijuana from criminal penalties.

■ In *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983), H.B. 730 was held unconstitutional. However, when an amendment to an act is declared invalid, the original act remains in full force and effect. Tex. Const. art. III, sec. 35. The pre-amendment Controlled Substances Act provided that "a person commits an offense if he knowingly or intentionally possesses a usable quantity of marijuana." We therefore hold that the invalidity of the statute did not remove the conduct of possessing marijuana from criminal penalties. Appellant's ground of error is overruled.

The pre-amendment act also provided that possession of over four ounces was a third-degree felony and as such, carried a penalty of from two to 10 years confinement and a fine not to exceed $5,000. Art. 4476–15, sec. 4.05(b)(1). Appellant was charged and convicted under H.B. 730 under which the penalty range of possession of more than five but less than 50 pounds of marijuana was from two to 20 years confinement and a fine not to exceed $10,-000. However, he had not alleged that he would not have entered a plea of guilty if he had known that the proper range of punishment was not less than two nor more than 10 years.

■ Prior to accepting a plea of guilty the court must admonish the defendant of the range of punishment attached to the offense or a plea of guilty shall be invalid. *Hardman v. State*, 614 S.W.2d 123 (Tex. Crim.App.1981); Tex.Code Crim.P.Ann. art. 26.13(a)(1) (Vernon 1977). However, where an erroneous admonishment is given, substantial compliance will still be deemed to have occurred and the burden shifts to the defendant to show that he entered his plea without understanding the consequences of such plea and thus was harmed. *Ex parte Smith*, 678 S.W.2d 78 (Tex.Crim.App.1984); *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Crim.App.1980). Appellant has not alleged nor shown harm.

Therefore, in the present case, the judgment of the trial court is affirmed.

COHEN, J., dissenting.

COHEN, Justice, dissenting.

The defendant in this case was incorrectly admonished upon his plea of guilty that he faced a punishment range of two to 20 years imprisonment and a fine of up to $10,000. This was incorrect because the statute so providing, H.B. 730, was unconstitutional. *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). Consequently, the Controlled Substances Act in effect prior to the 1981 amendment remained in effect, and it provided for a lower penalty range, namely, two to 10 years imprisonment and a $5,000 fine.

---

1. Ch. 429, 1973 Tex.Gen.Laws 1132, *amended by* Ch. 268, sec. 7, 1981 Tex.Gen.Laws 702 (eff. Sept. 1, 1981).

Cases like *Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984)[1] hold that this is not enough to show that the plea of guilty was involuntary because, unless no admonishment at all is given, substantial compliance with the admonishment statute, Tex. Code Crim.P.Ann. art. 26.13, is presumed, and the defendant must present evidence that he entered his plea without understanding the consequences and was, therefore, misled or harmed. This is a bad rule which should be abandoned for the reasons stated by Judge Onion in *Devary v. State* and by Judge Clinton and others in *Taylor v. State.*

Article 26.13(a)(1) is mandatory, and a trial judge's total failure to tell the defendant the range of punishment is automatic reversible error, without objection and without proof of harm. *Ex parte McAtee,* 599 S.W.2d 335. In *Taylor,* Judge Clinton wrote, "There is no principled distinction between total failure to speak of punishment and stating a range of punishment which is not applicable to the offense on trial." 610 S.W.2d at 474 (original op.). I submit that there is a significant distinction.

An admonishment which misstates the punishment range is worse than none at all. It is normally presumed that the defense attorney informed the defendant of the correct punishment range; that presumption is left undisturbed when the court gives no admonishment. But when the judge tells the defendant the wrong punishment range, and the defense attorney stands by silently, the defendant is affirmatively misled both by the court's statement and the attorney's silent acquiescence.

When a defendant enters a guilty plea, he waives many constitutional rights, including the privilege against self-incrimination, the right to a trial and the right to confront witnesses. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Such waivers must be intelligent

and voluntary and are never presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Here we do not have a silent record. We have a record indicating that the waiver of these rights was based on incorrect information from the court, ratified by the defense attorney.

It is well established that an attorney renders ineffective counsel if he incorrectly informs a defendant pleading guilty that the punishment range is lower than it actually is. *Murphy v. State,* 663 S.W.2d 604, 610 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Yet, under cases like *Ex parte Smith, supra,* we do not reverse even when *both* the judge and the defense attorney have told the defendant that the penalty range is higher than it actually is, absent testimony from the defendant that he pleaded guilty in reliance upon the misrepresentation.

What will be the practical effects upon the criminal justice system from holding that an incorrect statement of the punishment range is substantial compliance with our statute, thus requiring appellants to show that they relied on the admonishment and were therefore misled? The first is that large numbers of cases which are affirmed on direct appeal will be reversed sometime later on writs of habeas corpus. These writs will require hearings in our district courts, findings of fact and conclusions of law by the district judge acting as a master, preparation of a transcript by the district clerk, a statement of facts by the court reporter, and appellate briefs by the state and the applicant, and a decision by the Court of Criminal Appeals. *See* Tex. Code Crim.P.Ann. art. 11.07 (Vernon Supp. 1984). Once the defendant states that he relied on the judge's incorrect statement of the range of punishment and upon his own attorney's agreement by silence, and that he would not have pleaded guilty if he had known the correct punishment range, it will be a rare case where the state can rebut

---

**1.** *Accord, Ex parte McAtee,* 599 S.W.2d 335 (Tex. Crim.App.1980); *DeVary v. State,* 615 S.W.2d 739 (Tex.Crim.App.1981); *Taylor v. State,* 610 S.W.2d 471, 477 (Tex.Crim.App.1980) (op. on reh'g).

such evidence. After all this additional work is done, and much time passes, with the predictable loss of witnesses by the state, post-conviction relief will, in all likelihood, be granted.

If the appellant's sentence was relatively short, he will have probably served all of it, or enough to be on parole or eligible for parole, all without ever having been told the correct punishment range. On the other hand, if the appellant was given a long sentence because the judge or jury considered him a severe threat to society, the state will have to retry him, if it can still assemble its witnesses and its evidence, after a much longer delay than if the case had been promptly reversed on direct appeal. There is no doubt at all that some serious and violent criminals will escape prosecution entirely because of witnesses and evidence lost during the avoidable delay of meritorious habeas proceedings.

I do not suggest that convictions should be reversed without the defendant having been harmed; on the contrary, that is a sound rule which we follow too rarely in Texas, reversing many cases for fundamental error in the absence of both objection and prejudice. Nor do I suggest that it violates the defendant's rights to make him prove the required prejudice. The issue is whether harm from a *grossly* incorrect statement of the punishment range is so probable that it is not worth society's time to litigate the issue on a case-by-case basis. The answer is that it is a harmful waste of time likely to injure both defendants and the state unnecessarily.

The Supreme Court of the United States has recently discussed this problem in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). The Court held that convictions would not be reversed for ineffective assistance of counsel unless counsel's errors were so prejudicial that they affected the court's judgment. Nevertheless, the Court concluded that prejudice would be presumed in some cases. It stated:

> In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of State interference with counsel's assistance.... *Prejudice in these circumstances is so likely that case by case inquiry into prejudice is not worth the cost ....* Moreover, such circumstances involve impairments of the Sixth Amendment right that are easy to identify and, for that reason and because the prosecution is directly responsible, easy for the government to prevent. (emphasis supplied).

In *Ex parte McAtee*, 599 S.W.2d at 336, the court cited *Boykin v. Alabama* for the proposition that where no admonishment at all is given, "the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown."

In my opinion, the prejudice from a judge's incorrect statement of the punishment range, ratified by the defense attorney's silence, is so likely to be prejudicial that "case by case inquiry is not worth the cost." As in *Strickland*, this is a sixth amendment violation because it is incorrect advice by the defense attorney regarding what will usually be the most important fact influencing the guilty plea, the punishment range. Further, incorrect admonishments of the range of punishment deny due process of law under the Texas and U.S. Constitutions because they deprive the appellant of knowledge of the nature of the charges against him. The violations are extremely easy to identify because there is verbatim record of the court's admonishment in every case. Although the prosecution may not be directly responsible, the judge and the defense attorney will be, or, as in the instant case, the legislature may be responsible for passing a statute with an inadequate caption that misleads the trial judge, the defense attorney, and the defendant as to what is the controlling law governing the range of punishment. In the many cases, including the instant case, where the incorrect admonishment was due to the unconstitutional statute set aside in

*Ex parte Crisp,* it seems completely unreasonable to require a defendant to show that he was misled when the legislature, all but one court of appeals which ruled on the issue, and four judges of the Court of Criminal Appeals all thought that the statute was constitutional and that, consequently, the higher punishment range of the 1981 act was the correct range. Is it reasonable to assume that the appellant was not misled by this state of affairs when all of these high public officials were? Is it worth case-by-case litigation on post-conviction writs of habeas corpus to find out?

Finally, how can we presume substantial compliance from an admonishment that is blatantly not in compliance with the governing law? How can we presume that a defendant was aware of the consequences of his plea and not misled when every authority in the criminal justice system, including the trial judge, the defense attorney, and the prosecutor, all gave him incorrect advice, and thus deprived him of correct information needed to make an informed choice of whether to waive his constitutional rights? I cannot, in good conscience, presume that gross error is really substantial compliance, and that a defendant who has been expressly, materially, and unanimously misinformed, *on the record,* by the judge and by his own attorney was somehow not misled.

Some errors in admonitions regarding the punishment range may be too minor to presume harm, but the error in this case was of major proportion. Many cases like this will burden the system with meritorious writs of habeas corpus; in fact, the problem may extend to every guilty plea entered to offenses whose punishment range was increased by House Bill 730. Such cases, including this one, should be promptly reversed on direct appeal, not swept under the carpet for later, inevitable habeas corpus relief. If cases like *Ex parte Smith,* and *Ex parte McAtee* prevent this, then Judge Onion is correct. They should be overruled. *McAtee,* 599 S.W.2d at 336. Stare decisis is not a good enough reason to follow authorities which unnecessarily require inefficient and unfair results.